Jeffrey Trousdale (14814)
**COHNE KINGHORN, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: (801) 363-4300
E-mail: jtrousdale@ck.law
*Attorneys for* debtor-in-possession
OPULENT VACATIONS, INC.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br>**OPULENT VACATIONS, INC.**,<br>Debtor. | Bankruptcy No. 23-21941<br>Chapter 11<br>(Subchapter V)<br>Honorable Joel T. Marker |

**NOTICE OF HEARING ON PLAN CONFIRMATION, DEADLINE TO RETURN BALLOTS AND DEADLINE TO FILE AND SERVE OBJECTIONS TO CONFIRMATION**

**AND**

**NOTICE OF ORDER (I) APPROVING SOLICITATION PROCEDURES, (II) ESTABLISHING VOTING RECORD HOLDER DATE, (III) APPROVING FORMS OF BALLOTS, AND (IV) ESTABLISHING DEADLINES FOR VOTING ON AND OBJECTING TO DEBTOR'S PLAN**

**AND**

**NOTICE OF PROPOSED ASSUMPTION OR REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH CONFIRMATION OF PLAN**

**(Objection Deadline: December 4, 2023 at 11:59 p.m. Mountain Time)**

**(Voting Deadline: December 4, 2023 at 11:59 p.m. Mountain Time)**

**(Confirmation Hearing: December 14, 2023 at 10:30 a.m. Mountain Time)**

---

TO ALL CREDITORS, EQUITY INTEREST HOLDERS AND PARTIES IN INTEREST:

PLEASE TAKE NOTICE THAT, on October 25, 2023, the United States Bankruptcy Court for the District of Utah (the "**Court**") entered in the above-captioned chapter 11 bankruptcy case (the "**Case**") its *Order Granting Debtor's Ex Parte Motion to: (i) Approve Solicitation Procedures and Deadlines; (ii) Approve Forms of Ballots; and (iii) Establish Deadlines for Voting on and Objecting to Debtor's Plan* [Docket No. 122] (the "**Solicitation Order**").

The Solicitation Order established voting procedures, a voting deadline, the deadline to object to confirmation of the *Debtor's Chapter 11 Plan Under Subchapter V* (as it may further be amended, the "**Plan**") proposed by debtor and debtor-in-possession Opulent Vacations, Inc. (the "**Debtor**"), and scheduled the hearing to consider confirmation of the Plan.

*Copies Available:* The Solicitation Order and the Plan are on file with the Clerk of the Bankruptcy Court at the address stated below and may be reviewed during regular business hours. Copies thereof and/or of forms of ballot also may be obtained by sending a written request to Mashell Parks in the office of Debtor's counsel by e-mail to mparks@ck.law; by mail to 111 East Broadway, 11th Floor, Salt Lake City, Utah 84111; or by facsimile to 801-363-4378.

**YOUR RIGHTS MAY BE AFFECTED. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult with one.**

RELIEF REQUESTED BY THE DEBTOR. The Debtor will be asking the Court to confirm the Plan. *The Plan modifies the rights of creditors, equity holders and other persons. Creditors, equity holders and other interested parties should review the Plan carefully to determine how the Plan may modify or otherwise effect their rights.* In conjunction with confirmation of the Plan, the Debtor also will be asking the Court to approve the "assumption" of certain executory contracts and unexpired leases, and the "rejection" of all others.

*OBJECTION DEADLINE and CONFIRMATION HEARING:* If you do not want the Court to confirm the Plan, then you or your lawyer must do **both** (1) and (2) below:

(1) on or before December 4, 2023 at 11:59 p.m. (Mountain Time), file with the Bankruptcy Court a written objection to confirmation, explaining your position, at:

United States Bankruptcy Court
350 South Main Street, Room 301
Salt Lake City, Utah 84101

If you mail your objection to the Bankruptcy Court for filing you must mail it early enough so that the Court will **receive** it on or before December 4, 2023 at 11:59 p.m. (Mountain Time). You also must deliver a copy of your objection, such that it is received at or before said deadline, by each of the following:

(a) Jeffrey Trousdale
COHNE KINGHORN, P.C.
111 East Broadway, 11th Floor
Salt Lake City, Utah 84111

(b) Trustee of Opulent Vacations, Inc.
Attn: D. Ray Strong
BERKLEY RESEARCH GROUP
201 South Main Street, Suite 450
Salt Lake City, UT 84111

(c) Matthew Burne
OFFICE OF THE UNITED STATES TRUSTEE
405 South Main Street, Suite 300
Salt Lake City, Utah 84111

Any objection to confirmation of the Plan (a) must be in writing, (b) must state the name and address of the objecting party and the amount(s) of its Claim(s) or the nature of its interest, and (c) must state, with particularity, the nature of the objection.

ANY CONFIRMATION OBJECTION NOT FILED AND SERVED AS SET FORTH HEREIN SHALL BE DEEMED WAIVED AND SHALL NOT BE CONSIDERED BY THE COURT.

**and**

(2) *attend the hearing to consider confirmation of the Plan* which is set for December 14, 2023 at 2:00 p.m. **Failure to attend the hearing will be deemed a waiver of your objection**. Unless otherwise directed by The United States Bankruptcy Court for the District of Utah, the hearing on the Motion will be conducted via Zoom. Parties who wish to participate in the hearing should consult the Bankruptcy Court's website (https://www.utb.uscourts.gov) for the most up-to-date information regarding participation at a hearing via Zoom. At the time of this Notice, parties wishing to participate in hearings before Chief Judge Marker are instructed to connect to the Zoom Meeting (https://www.zoomgov.com) and click **JOIN NOW**, enter the Zoom Meeting ID for Chief Judge Marker: **161 5478 8875** along with the Passcode/Participant ID: **3834658**, at least ten (10) minutes before the scheduled date and time for the hearing. Please consult the instructions at the following link for additional instructions: https://www.utb.uscourts.gov/video. You may be placed on hold until the courtroom deputy activates the Zoom meeting, or you may hear others speaking. Another hearing may be in progress; do not announce your presence until the courtroom deputy takes

roll call or your hearing is called. If you have problems connecting or the courtroom deputy does not activate the Zoom meeting within 5 minutes after your scheduled hearing time, call the court at: 801-524-6627 or 801-524-6687.

IF YOU OR YOUR ATTORNEY DO NOT TAKE BOTH OF THE ABOVE-DESCRIBED STEPS, THE BANKRUPTCY COURT MAY DECIDE THAT YOU DO NOT OPPOSE CONFIRMATION OF THE PLAN, AND MAY ENTER AN ORDER CONFIRMING THE PLAN.

*VOTING DEADLINE:* All persons entitled to vote on the Plan shall deliver their ballots by email, mail, hand delivery, or overnight courier to counsel for the Debtor at:

OPULENT VACATIONS, INC.
c/o Ballot Tabulation
Cohne Kinghorn, P.C.
111 East Broadway, 11th Floor
Salt Lake City, Utah 84111
Email: jtrousdale@ck.law and mparks@ck.law

such that the ballot is *received* no later than 11:59 p.m. Mountain Time on December 4, 2023. A summary of voting procedures appears below.

IN ORDER TO BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE PLAN, ALL BALLOTS MUST BE PROPERLY COMPLETED, SIGNED AND DELIVERED TO THE ADDRESS ABOVE BY MAIL (A RETURN ENVELOPE IS PROVIDED WITH EACH BALLOT SENT BY MAIL), OVERNIGHT MAIL, BY PERSONAL DELIVERY, OR BY EMAIL TO jtrousdale@ck.law AND mparks@ck.law SO THAT THE BALLOT IS RECEIVED NO LATER THAN THE VOTING DEADLINE.

*Record Holder Date:* For voting purposes, October 30, 2023 shall be the "Record Holder Date" for holders of Claims and Equity Interests.

*Voting Classes:* Only the following holders of Claims in voting classes shall be entitled to vote with regard to such Claims (the "**Voting Claims**"): (a) the holders of timely filed proofs of claim as reflected, as of the close of business on the Record Holder Date, on the official Claims Register maintained by the Clerk of this Court; (b) the holders of scheduled claims that are listed in the Debtor's Schedules (as amended, as of the Record Holder Date) as having a Claim in an amount greater than zero and not identified as contingent, unliquidated or disputed (excluding scheduled Claims that have been superseded by a filed proof of claim); and (c) all persons whose claims are temporarily allowed for voting purposes by separate order of the Court (including the Order Fixing Voting Amounts, as described above). The holders of transferred and assigned claims (whether a filed or scheduled claim) shall be permitted to vote such claims unless the transfer of such filed or scheduled claims has been objected to by the transferor within the time permitted by Federal Rule of Bankruptcy Procedure 3001 and such objection to transfer is pending or has been sustained by the Court before the close of business on the Record Holder Date. Except as otherwise ordered by the Court, holders of Claims shall not be permitted to vote on the Plan if their Claims (including both Claims evidenced by Proofs of Claim and scheduled claims) are subject to a pending objection on the Record Holder Date or, with respect to transferred and assigned Claims, there is an objection to the transfer, filed in accordance with Federal Rule of Bankruptcy Procedure 3001, pending on the close of business on the Record Holder Date. Holders of Claims subject to a pending objection should consult an attorney to discuss actions that may permit their Claims to be estimated and/or temporarily allowed for voting purposes.

Notwithstanding the foregoing, if a claim would be an "Allowed" claim on the Voting Record Date but for the filing of an objection on or before the Record Holder Date, the creditor may nonetheless vote its claim if (a) it timely submits a Ballot, (b) it files a motion to estimate its claim and/or to temporarily allow for voting purposes on or before the Voting Deadline, and (c) the bankruptcy court enters an order estimating/allowing the claim for voting purposes at least five (5) business days prior to the hearing on confirmation of the Plan. Additionally, any claim that is not an Allowed claim on the

Record Holder Date shall be entitled to vote its claim if (a) it timely submits a ballot, and (b) the claim becomes an Allowed claim at least five (5) business days prior to the hearing on confirmation.

*Claim Amounts for Voting Purposes:* the amount of a claim used to tabulate acceptance or rejection of the Plan shall be the amount set forth on the Ballot for that particular creditor, which shall be one of the following:

a. the amount allowed by order of the Court;
b. the amount set forth as a claim in the Debtor's Schedules (as amended, as of the Record Holder Date) that is not listed as contingent, unliquidated or disputed (excluding scheduled Claims that have been superseded by filed Claims);
c. the amount set forth on a timely filed proof of claim that is not the subject of a pending and unresolved objection and that has not been disallowed, disqualified, suspended, reduced or estimated and temporarily allowed for voting purposes prior to computation of the vote on the Plan; or
d. the amount estimated and temporarily allowed with respect to a Claim pursuant to an order of this Court.

*Ballot Tabulation:* Pursuant to the Solicitation Order, the following voting and ballot tabulation procedures shall apply to ballots submitted by holders of Claims and Interests:

1. any Ballot that is properly completed, executed and timely returned to the Debtor that does not indicate an acceptance or rejection of the Plan shall be deemed a vote to accept the Plan;
2. any Ballot which is returned to the Debtor indicating acceptance or rejection of the Plan, but which is unsigned, shall not be counted;
3. whenever a holder of a Claim casts more than one Ballot voting the same claim before the Voting Deadline, only the last timely Ballot received by the Debtor shall be counted; provided, however, that if the Debtor is unable to determine which timely Ballot last was received, after a good faith exercise of due diligence, the Ballot accepting the Plan shall be counted;
4. each holder of a Claim shall be deemed to have voted the full amount of its Claim;
5. each holder of any Claim shall be entitled to vote all of the Claims it holds, and shall be entitled to cast several Ballots, to be counted separately, in determining numerical voting count as to each Claim within a particular class;
6. unless the Debtor (in its sole and absolute discretion) waives the manner of delivery as to a particular Claim or Ballot, any Ballot received by the Debtor by e-mail, telecopier, facsimile or other electronic transmission shall not be counted;
7. at any time until or during the hearing on confirmation of the Plan, the holder of any Claim who timely returned a Ballot rejecting the Plan may, in writing, amend its Ballot to accept the Plan; and
8. if the holder of a Claim who timely returned a Ballot accepting the Plan seeks to amend its Ballot to reject the Plan after the Voting Deadline has passed, such holder must comply with Rule 3018 prior to being authorized to do so.

*ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS AND LEASES:* Under section 8.1 of the Plan, the following unexpired leases and executory contracts shall be "assumed" by the Debtor as of the Effective Date (as more fully defined in section 9.1 of the Plan, "**Assumed Contract**"):

A. The Debtor's lease of a Toyota Tacoma from Toyota Financial;
B. Any and all insurance contracts of the Debtor;
C. All "Service Rental Marketing Agreements" and executory contracts of a similar nature between the Debtor and Lake Tahoe Owners;
D. Unless canceled or terminated prior to the Effective Date, all Vacation Rental Agreements or similar agreements between the Debtor and any Guests, including but not limited to those identified at Docket No. 20 in the Bankruptcy Case;
E. The Debtor's lease of office space in Lake Tahoe;

*CURE AMOUNTS FOR ASSUMED CONTRACTS:* Unless a different amount is listed in the Plan, the proposed, reasonable and appropriate Cure Amount for each Executory Contract and unexpired Lease shall be zero dollars ($0).

*REJECTION OF ALL OTHER EXECUTORY CONTRACTS AND LEASES:* Under section 8.2 of the Plan, *all* unexpired leases and executory contracts are "rejected" by the Debtor as of the Confirmation Date ("**Rejected Contract**") except only contracts or leases defined as Assumed Contracts, and the entry the Confirmation Order by the Bankruptcy Court shall constitute approval of such rejection pursuant to Sections 365(a) and 1123(b)(2) of the Bankruptcy Code.

*OBJECTIONS TO ASSUMPTION, REJECTION AND/OR CURE AMOUNT:* Any counterparty to an unexpired lease or executory contract that does not want the Court to approve the Debtors' proposed assumption or rejection of the executory contracts and/or leases, or which disputes the proposed cure amount, must (1) no later than December 4, 2023 at 11:59 p.m. (Mountain Time), *file and serve a written objection* and (2) *attend the hearing* on December 14, 2023 at 2:00 p.m.

In the absence of a timely filed objection, the undersigned counsel may and will ask the court to strike the hearing and enter an order (a) confirming the Plan, (b) authorizing the Debtor to assume Assumed Contracts and approving the proposed cure amounts, and (c) approving the rejection of the Rejected Contracts.

DATED this 2nd day of November, 2023.

**COHNE KINGHORN, P.C.**

/s/ Jeffrey Trousdale
Jeffrey Trousdale
*Attorneys for* debtor-in-possession OPULENT VACATIONS, INC.